No. 25-1216

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

BILLIE JEROME ALLEN,

*Petitioner-Appellant,*

v.

S. MERENDINO,

*Respondent-Appellee.*

_____

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:20-cv-00406-JRS-MJD, Hon. James R. Sweeney II

_____

## MOTION TO SET BRIEFING SCHEDULE OR FOR DISPOSITION

_____

Brian Weinstein
Dara Sheinfeld
Diane Lucas
Matthew Stratis Vasilakos
Stephanie Hansen
Erin Sifre
Chitra Kulkarni
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Stuart Lev
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

*Counsel for Petitioner/Appellant*
*Billie Jerome Allen*

Appellant Billie Allen respectfully asks this Court to rule on the question of summary affirmance and either set a full briefing schedule or issue an order disposing of this appeal and, in support, states the following.

**INTRODUCTION**

This is an appeal from the denial of a petition for habeas corpus that was filed pursuant to 28 U.S.C. § 2241. On February 21, 2025, this Court issued an order for Appellant to file a memorandum of law explaining why summary affirmance should not be granted. The order also required Appellant to address the impact of the commutation of his original death sentence on this appeal. On April 23, 2025, Appellant filed his Memorandum in compliance with that order.

**DISCUSSION**

Summary affirmance is generally reserved for cases "in which an appellant's position is clearly frivolous." *Semmerling v. Bormann*, 970 F.3d 886, 887 (7th Cir. 2020). Summary affirmance may be appropriate where the arguments are incomprehensible or completely insubstantial. *Id.* at 888; *United States v. Fortnor*, 452 F.3d 752, 754 (7th Cir. 2006).

Appellant's Memorandum in Opposition to Summary Affirmance presents a position that is nether frivolous, insubstantial, nor incomprehensible. The memorandum provides a detailed description of the relevant facts. It directly addresses the core jurisdictional issue, and recognized the Supreme Court's leading

decision in *Jones v. Hendrix*, 599 U.S. 465 (2023).  It argued that based on the particular facts of this case, including that Mr. Allen was tried for a crime (capital murder) for which he was never indicted, the district court had jurisdiction even under *Jones*.  Finally, Appellant argued that the commutation of his death sentence should not impact this Court's review of the district court's ruling.  In short, Appellant's Memorandum lays out an organized, researched and comprehensive argument demonstrating why the court below had jurisdiction to consider the merits of the habeas petition as well as why the claim raised in the petition was meritorious and should entitle Petitioner to relief.

Regardless of whether these arguments ultimately prevail, they are not frivolous.  The arguments are substantial and merit full briefing and oral argument before this Court.  Indeed, the fact that this matter has been pending for almost six months would seem to indicate that Appellant's arguments are not frivolous and are not subject to easy disposition.

Appellant wishes to move forward with this appeal with reasonable diligence and in a manner where it can be fully and promptly decided.  Indeed, time is important.  Like other of the former federal death sentenced individuals, Appellant has been designated for transfer to ADX, the federal supermax prison in Florence, CO.  Just last week, eight formerly death sentenced individuals were transferred from USP Terre Haute to ADX.  The conditions and policies at ADX will make it

2

more difficult for Appellant to maintain regular contact and visitation with his counsel, family, friends, and supporters. Appellant is still being punished for having been illegally convicted and sentenced to death. He deserves to have his claims heard and for relief to be granted.

WHEREFORE, for the foregoing reasons, Appellant respectfully asks this Court to set a briefing schedule that allows for full consideration of his appeal, or issue an order disposing of the appeal.

Respectfully submitted,

/s/ *Stuart Lev*
Stuart Lev
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520

Brian Weinstein
Dara Sheinfeld
Diane Lucas
Matthew Stratis Vasilakos
Stephanie Hansen
Erin Sifre
Chitra Kulkarni
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
*Counsel for Petitioner/Appellant*
*Billie Jerome Allen*

Dated: October 10, 2025

# CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), the type style requirements of Fed. R. App. P. 32(a)(6), and Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman.

/s/ *Stuart Lev*
Stuart Lev

Dated:  October 10, 2025

**CERTIFICATE OF SERVICE**

I, Stuart Lev, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Stuart Lev*
Stuart Lev

Dated:  October 10, 2025