# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

BILLIE JEROME ALLEN,      )
     )
     Petitioner-Appellant,      )
     )
v.      )      Case No. 25-1216
     )
STEVEN MERENDINO, Warden,      )
     )
     Respondent-Appellee.      )

## RESPONDENT-APPELLEE'S MOTION
## FOR LEAVE TO TRANSFER PRISONER

The Warden of USP Terre Haute[1] ("the Government"), respectfully requests leave pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure to transfer Petitioner-Appellant Billie Jerome Allen. In support of this motion, the Government states:

1. Allen appeals from the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. On February 21, 2025, this Court ordered Allen to file a memorandum explaining why it should not summarily affirm that dismissal under *Jones v. Hendrix*, 599 U.S. 465 (2023). The Court requested Allen to address the effect of the presidential commutation of his death sentence on his appeal. Allen

---

[1] Pursuant to Circuit Rule 43, the Government hereby provides notice that in October 2025 Brian Lammer was named warden of USP Terre Haute. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Government requests the Court to automatically substitute Brian Lammer, Warden, as Respondent-Appellee.

complied, and his appeal remains pending.

2.      Allen is currently in the custody of Warden Lammer at USP Terre Haute. Counsel for the Bureau of Prisons has informed the undersigned that Allen has been designated to move to USP Florence ADMAX.  Federal Rules of Appellate Procedure 23(a) requires that the custodian of a person who has a habeas corpus case pending for review by a court seek that court's leave prior to transferring him.

3.      Allen's appropriate venue to challenge the designation was through the BOP administrative process and possibly a civil action following the exhaustion of his administrative remedies.  Allen did not contest the designation within the 30 days allowed but submitted an untimely initial appeal that has been rejected.  The Government is therefore preparing to transfer him, including by submitting this Motion to this Court.  The Government plans to follow its historical practice of staying transfer until either an inmate's administrative remedies have been exhausted, or the time frame in which to do so has lapsed.

4.      If the Court grants this motion (and if it does not dispose of this matter prior to any transfer), the government will notify the Court of the identity of Allen's new custodian if—and when—any transfer is complete. *See* Fed. R. App. P. 43(c); Circuit R. 43.

5.      Undersigned counsel contacted Stuart Lev, counsel for Allen, seeking Allen's position on a motion for leave to transfer under Rule 23(a). Allen is opposed

to the transfer, and his counsel stated that he planned to file a written response to the motion.

6.      Transfer would not affect this Court's jurisdiction.  *Horton v. Lovett*, 72 F.4th 825, 826 n.1 (7th Cir. 2023) (holding prisoner's transfer from Illinois to Colorado did not affect the Seventh Circuit's jurisdiction over his Section 2241 appeal).

7.      This Court recently granted a similar motion in two cases where the petitioner had been designated for transfer from USP Terre Haute to USP Florence ADMAX. *Agofsky v. Baysore*, No. 24-1067 (7th Cir. ordered Sep. 19, 2025); *Robinson v. Merendino*, No. 24-3040 (7th Cir. ordered Oct. 2, 2025).

8.      For these reasons, the government respectfully requests leave to transfer Allen.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

 /s/ *Jason S. Dunkel*
JASON S. DUNKEL, #65886MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, Missouri 63102
(314) 539-2200
jason.dunkel@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations in Fed. R. App. P. 27(d)(2)(A) and contains 508 words. This motion was prepared using Microsoft Word for Office 365 software. In making this certification I have relied upon the word-count feature of Microsoft Word for Office 365.

/s/ *Jason S. Dunkel*
JASON S. DUNKEL, #65886MO
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25(d) and Circuit Rule 25(a), I hereby certify that, on November 4, 2025, the foregoing motion was electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Seventh Circuit through the CM/ECF system, which will serve all counsel of record.

/s/ *Jason S. Dunkel*
JASON S. DUNKEL, #65886MO
Assistant United States Attorney