**No. 25-1216**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

---

BILLIE JEROME ALLEN,
*Petitioner-Appellant,*

v.

S. MERENDINO,
*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:20-cv-00406-JRS-MJD, Hon. James R. Sweeney II

---

# MEMORANDUM OF LAW ON *AGOFSKY V. BAYSORE* AND *ROBINSON V. LAMMER* AND REQUEST FOR ORAL ARGUMENT

---


Brian Weinstein
Dara Sheinfeld
Diane Lucas
Matthew Stratis-Vasilakos
Erin Sifre
Chitra Kulkarni
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Stuart Lev
Eric Montroy
Assistant Federal Defenders
Federal Community Defender
Office Eastern District of
Pennsylvania
601 Walnut Street, Suite 545
West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

*Counsel for Petitioner/Appellant*
*Billie Jerome Allen*

# TABLE OF CONTENTS

A. Introduction ........................................................ 1
B. Relief Is Available to Mr. Allen Under *Jones v. Hendrix*. ........................ 3
C. Mr. Allen's Circumstances and Legal Arguments Differ Significantly from Those in *Agofsky v. Baysore*. ........................ 7
D. Mr. Allen's Circumstances and Legal Arguments Differ Significantly from Those in *Robinson v. Lammer*. ........................ 9
E. Conclusion ........................................................ 12

Appellant Billie Jerome Allen brings this appeal from the district court's order denying his petition for writ of habeas corpus ("§ 2241 petition"). Pursuant to this Court's August 19, 2026 Order, Mr. Allen hereby submits this memorandum of law addressing how this appeal should proceed in light of this Court's decisions in *Agofsky v. Baysore*, 160 F.4th 857 (7th Cir. 2025), and *Robinson v. Lammer*, 162 F.4th 853 (7th Cir. 2025).

### A. Introduction

This Court's decisions in *Agofsky* and *Robinson* are not dispositive of Mr. Allen's appeal. Although each case presents questions concerning this Court's jurisdiction to consider the habeas petition considering *Jones v. Hendrix*, 599 U.S. 465 (2023), Mr. Allen presents arguments regarding why § 2241 is available in his case that were not raised, let alone ruled upon, in *Agofsky* or *Robinson*.

Mr. Allen's arguments are not at odds with this Court's rulings. In *Agofsky*, this Court rejected the petitioner's argument that § 2255(e) is a non-jurisdictional, waivable venue provision. Mr. Allen makes no such argument here. And in *Robinson*, this Court rejected the petitioner's argument that § 2255(e) violates the Suspension Clause of the U.S. Constitution. The Court also rejected Mr. Robinson's argument that his § 2241 petition was not barred by *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2014) (en banc), or *Garza v. Lappin*, 254 F.3d 918 (7th Cir. 2001), determining that neither case was good law after the Supreme Court's decision in *Jones*. Mr. Allen does not raise any of these arguments here.

Unlike the petitioners in *Agofsky* and *Robinson*, Mr. Allen instead focuses his arguments on how he fits into the narrow scope of the saving clause, allowing him to proceed with his habeas petition. More specifically, Mr. Allen argues that: (1) he satisfies the saving clause of § 2255(e) and is thus entitled to relief under § 2241 because his unique circumstances meet the standard articulated in *Jones*; and (2) his case presents "unusual circumstances in which it is impossible or impracticable for [him] to seek relief from the sentencing court." *Jones*, 599 U.S. at 474.

In particular, the Eighth Circuit's application of a harmless-error test to the initial Fifth Amendment error—subjecting Mr. Allen to a capital trial and conviction without a grand jury indictment on capital charges—created an independent constitutional error. Indeed, rather than recognizing the Fifth Amendment error as structural, the en banc Eighth Circuit took the unprecedented step of applying harmless error by speculating that the grand jury would have indicted Mr. Allen on capital charges if it had been asked to do so. *United States v. Allen*, 406 F.3d 940, 947–48 (8th Cir. 2004). Such a ruling is contrary to the plain text of the Constitution, as it gave the court, rather than a group of concerned citizens, the power to decide what the grand jury would do. *See Ex parte Bain*, 121 U.S. 1, 10 (1887) ("If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to

suggested changes, the great importance" of the grand jury right would be "almost destroyed."). The decision constructively amended the indictment by turning a non-capital indictment into a capital one. In this way, the Eighth Circuit created yet another constitutional error, compounding the trial court's constitutional error with one of its own. *See United States v. Farr*, 536 F.3d 1174, 1184-85 (10th Cir. 2008) (Gorsuch, J.) (Fifth Amendment violation resulting from constructive amendment of the indictment was reversible error per se without any further showing of prejudice); *see also United States v. Willoughby*, 27 F. 3d 263, 265 (7th Cir. 1994) (evidence or instructions that allow a jury to convict on an offense other than the one charged is a constructive amendment to the indictment and is per se reversible error); Mem. in Opp'n to Suggestion of Summ. Affirmance, Dkt. No. 11 at 19, 25 (providing a more detailed analysis of all the unusual circumstances rendering § 2255 unavailable or inadequate to challenge the Eighth Circuit ruling).

Neither *Agofsky*, *Robinson*, nor Mr. Allen's codefendant Norris Holder presented this Court with an "unusual circumstances" argument based upon an appellate court's constructive amendment of an indictment. In light of the inherent difference between these questions and those raised in *Agofsky* and *Robinson*, Mr. Allen should be entitled to briefing, oral argument, and full review by this Court.

### B. Relief Is Available to Mr. Allen Under *Jones v. Hendrix*.

This Court has jurisdiction to consider Mr. Allen's habeas petition under the standard articulated in *Jones*. In *Jones*, the Supreme Court held that § 2255(e)'s

saving clause does not permit an incarcerated individual asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition. *Jones*, 599 U.S. at 471. There, the petitioner's convictions of two counts of unlawful possession of a firearm by a felon were affirmed on appeal, and his § 2255 motion was denied. *Id.* at 470. The Supreme Court then issued its decision in *Rehaif v. United States*, 588 U.S. 225 (2019), holding that a defendant's knowledge of the status that disqualifies him from owning a firearm is an element of a § 922(g) conviction, and undermining the precedent applied in the petitioner's trial and on direct appeal. *Id.* The petitioner, who had been unable to meet the stringent standards for second or successive § 2255 petitions, brought a petition under § 2241, arguing that the nonretroactive statutory decision in *Rehaif* should apply to his conviction under § 922(g)(1). The petitioner argued that his inability to file a second or successive § 2255 motion to obtain relief under the Supreme Court's new statutory interpretation allowed recourse through § 2241 because it met the standard in the plain text of the saving clause in 28 U.S.C. § 2255(e), in that § 2255 was "inadequate or ineffective to test the legality of his detention." *Id.*; 28 U.S.C. § 2255(e).

The Supreme Court rejected the petitioner's argument but did not completely close the § 2241 door, leaving room for recourse where, as in Mr. Allen's case, "unusual circumstances make it impossible or impracticable to seek

relief in the sentencing court." *Jones*, 599 U.S. at 478. The Court provided two example scenarios that would meet this standard—where a sentencing court had been dissolved or where "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.* at 474–75 (citation omitted). But *Jones* should not be read as suggesting that these are the only two situations in which the saving clause might apply. Such an application would be a manifest error of law, effectively rendering the saving clause meaningless, as no modern petitioner is likely to present those circumstances. "After AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court . . . ." *Jones*, 599 U.S. at 478.

The "unusual circumstances present [in Mr. Allen's case] make it impossible to seek relief from the sentencing court," and "the question of whether [his] case presents unusual circumstances that fall within the *Jones* exceptions is worthy of full briefing and review." *See* Mem. in Opp'n to Suggestion of Summ. Affirmance, Dkt. No. 11 at 19, 25. Mr. Allen was subjected to a capital trial and conviction although he was never indicted by a grand jury on capital charges, in violation of the Fifth Amendment. *Id.* at 19. The Eighth Circuit made an independent constitutional error when it applied a harmless-error analysis, speculating about what the grand jury would have done and constructively

amending the indictment to include an aggravating circumstance based on that speculation. *Id.* at 21 (citing *United States v. Allen*, 406 F.3d 940, 947–48 (8th Cir. 2004)).

But where could Mr. Allen challenge the Eighth Circuit's error? Mr. Allen was precluded from raising the Eighth Circuit's error in a § 2255 motion, as precedent of both the Eighth Circuit and this Court precludes claims that were unsuccessfully raised on direct appeal from being raised in a § 2255 motion. *Id.* at 22 (citing, e.g., *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc)); *see also Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). It was therefore impossible for Mr. Allen to challenge the Eighth Circuit's constitutional error and the unconstitutional nature of his conviction in § 2255 proceedings because he objected to his indictment at trial and raised his Fifth Amendment argument on direct appeal as required.

Thus, this case presents unusual circumstances that are substantially different from the circumstances about which *Jones* expressed concerns. As this Court has recognized, the *Jones* Court was concerned that habeas petitioners would use § 2241 to avoid the hurdles on second or successive § 2255 motions. Indeed, the *Jones* Court held that "the saving clause does not authorize such an end-run around [§ 2255(h)]." *Jones*, 599 U.S. at 477. This Court clarified in *Robinson* that "the holding of *Jones* is that a prisoner's inability to satisfy § 2255(h), for whatever reason, does not authorize collateral review under § 2241." *Robinson*, 162 F.4th at

855. Here, by contrast, Mr. Allen could not raise a challenge to the Eighth Circuit ruling in a § 2255 motion. Thus, he has not turned to § 2241 to raise a claim that was, or could have been, raised in his § 2255 motion. Rather, he seeks to raise a claim that could not have been previously raised. This is no end run around AEDPA's limits on successive petitions.[1] That is, a § 2255 motion in the Eighth Circuit is not only "impracticable," but "impossible," rendering § 2241 his only recourse.

### C. Mr. Allen's Circumstances and Legal Arguments Differ Significantly from Those in *Agofsky v. Baysore*.

This Court's decision in *Agofsky v. Baysore*, 160 F.4th 857 (7th Cir. 2025), has no bearing on Mr. Allen's case, as the narrow issue addressed in that case, regarding the jurisdictional nature of § 2255(e), is not at issue here. In *Agofsky*, the petitioner was convicted of various criminal offenses and was on death row.

---

[1] Compare Mr. Allen's situation with that of his codefendant, Norris Holder, who has also been asked to file a memorandum addressing *Agofsky* and *Robinson. See Holder v. United States and Steven Merendino*, No. 25-1684. Unlike Mr. Allen, Mr. Holder did not raise a challenge to the indictment at trial or on direct appeal. Instead, he raised that challenge in § 2255 proceedings, where it was denied. Holder was not prevented from raising his grand jury claim in § 2255 proceedings—he litigated his claim and lost. Mr. Allen, by contrast, was precluded from challenging in his § 2255 motion the Eighth Circuit's constitutional error in resolving the issue on direct appeal. Co-defendant Holder has likewise limited his jurisdictional argument solely to a challenge to the jurisdiction of the trial court. *See* No. 25-1684, Dkt. No. 5 at 15–17. Unlike Mr. Allen, he has not raised any constructive-amendment argument or argued that there are unusual circumstances in his case that meet the *Jones* exception. Thus, Mr. Allen and Mr. Holder sit in very different procedural positions with regard to the saving clause.

*Agofsky*, 160 F.4th at 858. After an unsuccessful § 2255 petition, the petitioner filed a § 2241 petition, arguing that, under the Supreme Court's nonretroactive statutory decision in *Borden v. United States*, 593 U.S. 420 (2021), his prior firearm conviction was not a "crime of violence" and should not have been used as an aggravating factor underlying the death sentence he received. *Agofsky*, 160 F.4th at 858–59. As the petitioner's circumstances were virtually identical to those in *Jones*, which was decided after the petitioner initiated his petition, the district court held that it lacked jurisdiction over the petitioner's § 2241 petition, and this Court affirmed. The petitioner had also argued that the saving clause is a non-jurisdictional venue provision, and that this Court could hear his claim because the government waived its argument under § 2255(e). *Id.* at 859. This Court rejected that argument and chose to join "the unanimous view of [its] sister circuits that § 2255(e) addresses the court's adjudicative power, not venue or some other filing requirement that the litigants may waive or forfeit." *Id.* at 866. Mr. Allen's appeal differs significantly from Mr. Agofsky's, as Mr. Allen makes no argument regarding whether the saving clause is non-jurisdictional or waivable.

Mr. Allen, unlike Mr. Agofsky, asserts that § 2241 is available to him because he satisfies the standard for the saving clause that was articulated in *Jones*. Specifically, Mr. Allen argues that his case

> presents the unusual circumstances of a capital case that was tried with no capital indictment, in violation of the Fifth Amendment; a trial court that thus had no jurisdiction to proceed on capital charges and impose

> a death sentence; an appellate court that constructively amended the indictment to include a capital charge when the grand jury had not done so; and a procedural posture that rendered it impossible for [him] to challenge those rulings in § 2255 proceedings.

Mem. in Opp'n to Suggestion of Summ. Affirmance, Dkt. No. 11 at 23–24.

Therefore, the *Agofsky* decision should have no effect on Mr. Allen's appeal.

### D. Mr. Allen's Circumstances and Legal Arguments Differ Significantly from Those in *Robinson v. Lammer.*[2]

Mr. Allen's case is likewise distinguishable from *Robinson v. Lammer*, 162 F.4th 853 (7th Cir. 2025). Mr. Allen's arguments overlap with those raised by Mr. Robinson to the extent that both argue that § 2241 is an appropriate vehicle for challenging the trial court's jurisdiction to conduct a capital trial where the indictment did not charge a capital offense. But, unlike Mr. Allen, Mr. Robinson did not raise a constructive-amendment argument of any kind.[3] Instead, Mr.

[2] Mr. Robinson's certiorari petition is currently pending in the Supreme Court. Although Mr. Allen's case raises distinct issues about the scope and application of *Jones*, we respectfully ask the Court to hold Mr. Allen's case if the Supreme Court grants certiorari in Mr. Robinson's case, given the potential applicability of the Suspension Clause and § 2241 questions.

[3] In addition to the constructive-amendment errors committed by both the trial and the appellate courts, Mr. Allen contends that his indictment was constructively amended when the government introduced a shotgun for the jury to consider that was not part of the indictment and that he was never charged with. *See United States v. Leichtnam*, 948 F.2d 370, 380–81 (7th Cir. 1991) (introduction of firearms not charged in the indictment impermissibly broadened the indictment); *Willoughby*, 27 F. 3d at 266–67. Mr. Robinson made no such arguments.

Robinson raised a number of merits arguments, none of which are relevant to Mr. Allen.[4]

Mr. Robinson argued that (1) the Suspension Clause required habeas review of jurisdictional claims, *see* Appellant's Mem. of Law at 9–13, *Robinson v. Lammer*, No. 24-3040 (7th Cir. Feb. 18, 2025), and (2) this Court's decisions in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2014) (en banc), and *Garza v. Lappin*, 254 F.3d 918 (7th Cir. 2001), remained good law after *Jones*, and both decisions confirm that the saving clause did not bar consideration of the claims in Mr. Robinson's § 2241 petition, *id.* at 13–19. Again, Mr. Allen makes no such arguments.[5]

More importantly, Mr. Allen presents arguments relating to *Jones* that Mr. Robinson did not assert, and that this Court did not decide. For example, Mr. Robinson did not assert that the appellate court, on direct appeal, committed an

[4] Mr. Robinson argued that: (1) trial counsel was ineffective during the penalty phase of the trial; (2) trial counsel was ineffective in challenging false evidence presented by the prosecutor during the penalty trial; (3) trial counsel was ineffective for failing to object to the prosecutor's racially motivated preemptory strikes of prospective jurors; and (4) his rights under the American Declaration of the Rights and Duties of Man were violated with respect to both the guilt and the penalty phases of his trial. *Id.* at 854.

[5] Like Robinson, however, Mr. Allen does argue, albeit on other grounds, that *Jones* does not extend to constitutional claims in § 2241 petitions. *Id.* at 8. Understanding that this Court did not address this argument in *Robinson*, Mr. Allen reasserts it here to preserve this issue for further proceedings.

independent constitutional error, or that the unusual circumstances of his case fit within the *Jones* exception.

Further, unlike Mr. Robinson, Mr. Allen argued that *Beason v. Marske*, 926 F.3d 932, 937 (7th Cir. 2019), supports his ability to proceed under § 2241. In *Beason*, this Court held that where a petitioner's claims were foreclosed to him at the time of his initial § 2255 motion, "the law would deem Beason's prior § 2255 proceeding inadequate and thereby allow him to seek resentencing through and pursuant to § 2241." 721 F.3d at 933. This Court explained that a § 2241 petitioner is "actually foreclosed" from raising an argument in § 2255 proceedings where the argument had been rejected on direct appeal and the law of the case precluded re-litigation of the issue in a collateral proceeding. *See* Mem. in Opp'n to Suggestion of Summ. Affirmance at 23, *Allen v. Merendino*, No. 25-126 (7th Cir. Apr. 23, 2025). Where it would have been futile to raise a claim in a § 2255 proceeding, as it would have been for Mr. Allen, "the savings clause applies." *Beason*, 926 F.3d at 936. Such reasoning is, in fact, consistent with *Jones*'s recognition that "[t]he [saving] clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478.

Although *Agofsky* overruled the government's concession in *Beason* that the saving clause was not jurisdictional, *Agofsky*, 160 F.4th at 853, it did not address *Beason*'s analysis of when § 2255 is inadequate or ineffective. This part of *Beason*

remains good law even after *Jones.* Since Beason had raised his claim and lost on direct appeal, he was foreclosed from raising it again in § 2255 proceedings under the law-of-the-case doctrine. *Beason*, 721 F.3d at 937. This same reasoning applies to Mr. Allen's case, as Mr. Allen was "actually foreclosed" from challenging the Eighth Circuit's ruling or contesting the appellate court's constitutional error in the sentencing court. *Id*. At the very least, this Court has not yet decided whether its reasoning in *Beason* survives *Jones*. That question is worthy of full briefing and review.

Because Mr. Allen presents this Court with arguments distinct from those raised in *Robinson*, the *Robinson* decision should have no effect on the viability of Mr. Allen's appeal.

**E. Conclusion**

This Court has jurisdiction to consider this appeal because Mr. Allen's unique circumstances satisfy the standard outlined by the Supreme Court in *Jones* for triggering the saving clause in § 2255(e). This Court's decisions in *Agofsky* and *Robinson* do not counsel otherwise. Accordingly, Mr. Allen respectfully requests that the Court grant him an appeal in the ordinary course, including full briefing and oral argument to adequately resolve these important issues. At the very least, whether *Agofsky* and *Robinson* are dispositive of Mr. Allen's appeal presents complex and important questions concerning the limitations of habeas review. Mr. Allen thus requests that this Court hear oral argument, so that

Appellant can answer any questions this Court might have, prior to issuing any decision in this case.

Dated: October 2, 2026

Respectfully submitted,

*s/ Stuart Lev*

Stuart Lev
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

Brian Weinstein
Dara Sheinfeld
Diane Lucas
Matthew Stratis-Vasilakos
Erin Sifre
Chitra Kulkarni
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Petitioner Billie Allen*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), the type style requirements of Fed. R. App. P. 32(a)(6), and Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in fourteen-point Times New Roman.

/s/ *Stuart Lev*
Stuart Lev

Dated: October 2, 2026

**CERTIFICATE OF SERVICE**

I, Stuart Lev, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Stuart Lev*
Stuart Lev

Dated: October 2, 2026