IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | Case No. 25-1216 |
| | ) | |
| Petitioner-Appellant, | ) | Appeal from the United States |
| | ) | District Court for the Southern |
| v. | ) | District of Indiana, |
| | ) | Terre Haute Division |
| STEVEN MERENDINO, | ) | |
| | ) | USDC No. 2:20-cv-406-JRS-MJD |
| Respondent-Appellee. | ) | Hon. James R. Sweeney, II, *Chief* |
| | ) | *Judge* |

**RESPONDENT-APPELLEE STEVEN MERENDINO'S MEMORANDUM IN RESPONSE TO THE COURT'S AUGUST 19, 2026 ORDER**

On August 19, 2026, this Court entered an order "direct[ing] the parties to file memoranda addressing how this appeal should proceed in light of *Agofsky v. Baysore*, 160 F.4th 857 (7th Cir. 2025), and *Robinson v. Lammer*, 162 F.4th 853 (7th Cir. 2025)." Under each of these cases—as well as the controlling Supreme Court case of *Jones v. Hendrix*—the answer is straightforward: this Court lacks jurisdiction to "entertain" Petitioner Billie Jerome Allen's attempt to relitigate, through a § 2241 petition, arguments challenging his indictment already considered and rejected by an en banc Eighth Circuit Court of Appeals on direct appeal. This Court should therefore either dismiss Allen's appeal or else

summarily affirm the judgment of the district court for lack of jurisdiction.

## I. Background

### A. Factual Background

"Billie Jerome Allen and Norris G. Holder were convicted of the violent St. Patrick's Day, 1997, armed robbery of the Lindell Bank & Trust in St. Louis, Missouri, during which security guard Richard Heflin was killed." *United States v. Allen*, 406 F.3d 940, 941 (8th Cir. en banc 2005). Each man was ultimately convicted of two counts related to Richard Heflin's death during the armed robbery, and each received a sentence of death on at least one of those two counts. *United States v. Allen*, 247 F.3d 741, 755 (8th Cir. 2001).

On the day of the armed robbery, Allen and Holder parked the first of their planned getaway vans on the street just outside the bank. *Id.* at 756. Both Allen and Holder rushed into the bank "[w]earing dark ski masks and armed with semiautomatic rifles," and the first of the two of them to enter the bank "immediately began firing shots at security guard [Richard] Heflin." *Id.* Ultimately "[t]he ballistics evidence showed that both rifles were discharged during the robbery and a total of sixteen shots

were fired inside the bank, at least eight of which hit security guard Heflin who died shortly thereafter." After the armed robbery was completed, Allen and Holder got into their getaway van and sped down the highway. *Id.*

"Several witnesses spotted the two men exiting the bank and returning to the van." *Id.* As the van entered a nearby park, the van burst into flames. *Id.* It turned out that, prior to the armed robbery, "the suspects had soaked the van in gasoline so that it would be easier to destroy the evidence once they reached their second getaway vehicle." *Id.* The van—as it was driven through the park by Allen and Holden—"apparently started on fire when one of the suspects flicked a cigarette lighter." *Id.*

After the van caught fire, Allen jumped out and ran into a wooded area. *Id.* Holder was set on fire, and two park workers had to help extinguish the flames before a police officer on the scene arrested him. *Id.* Allen, meanwhile, was spotted soon after he left the van by another city forestry employee and, "[a]fter making up a story about why the hair on his head was burned," convinced two park employees to give him a

ride to the nearest Metrolink station. *Id*. at 757. Allen was arrested early the next morning at his girlfriend's apartment. *Id*.

### B. Procedural Background

For their actions committed during the armed robbery, the grand jury returned an indictment charging Allen and Holder with armed robbery by force or violence in which a killing occurs, in violation of 18 U.S.C. § 2113(a) and (e) (Count I) and for carrying or using a firearm during a crime of violence and committing murder, in violation of 18 U.S.C. § 924(c)(1) and (j)(1) (Count II). *Id*. at 755. "After the indictment was returned and before a trial was conducted, the government filed a notice of intent to seek the death penalty pursuant to 18 U.S.C. § 3593(a) that set forth both the statutory aggravating factors contained in 18 U.S.C. § 3592(c) and the mens rea requirement from 18 U.S.C. § 3591(a)(2) which, if proved to the petit jury beyond a reasonable doubt, made the offenses eligible for the death penalty." *Allen*, 406 F.3d at 941. Allen and Holder were each thereafter convicted on both counts in separate jury trials. *Allen*, 247 F.3d at 755. Allen was ultimately sentenced to life in prison on Count I and received a sentence of death on

Count II, while Holder received sentences of death for both Counts I and II. *Id*.

On appeal, a divided panel of the Eighth Circuit Court of Appeals affirmed Allen's convictions "in all respects" and Allen thereafter petitioned the United States Supreme Court for a writ of certiorari. *Allen*, 406 F.3d at 942. While Allen's petition for a writ of certiorari was pending, the Supreme Court decided *Ring v. Arizona*, which held statutory aggravators required for imposition of the death penalty must be found by the jury under the Sixth Amendment. *Id*.; *Ring v. Arizona*, 536 U.S. 584 (2002). The Supreme Court thereafter granted Allen's petition for a writ of certiorari, vacated the Eighth Circuit panel's judgment, and remanded the case "for further consideration in light of *Ring v. Arizona*." *Allen v. United States*, 536 U.S. 953 (2002). On remand, a divided panel concluded that any error by the government was not harmless, vacated Allen's death sentence, and remanded his case to the district court for imposition of a sentence of life in prison. *United States v. Allen*, 357 F.3d 745, 758 (8th Cir. 2004).

On rehearing en banc, the full Eighth Circuit Court of Appeals vacated the panel's judgment and affirmed Allen's original sentence.

*Allen*, 406 F.3d at 942. Although concluding "that Allen's indictment suffers a Fifth Amendment defect," the en banc court rejected Allen's argument "that the defect in his indictment must be treated as a structural error requiring automatic reversal without a showing of prejudice to the defendant" and ultimately concluded that the indictment's failure to charge at least one of the statutory aggravating factors and the requisite mental state (both ultimately found by the petite jury) "was harmless beyond a reasonable doubt." *Id.* at 943–49. The Supreme Court thereafter denied Allen's renewed petition for a writ of certiorari of the Eighth Circuit's en banc opinion. *Allen v. United States*, 549 U.S. 1095 (2006).

Allen filed his first post-conviction petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on January 8, 2007, and later an Amended Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence on February 11, 2008 that raised "numerous grounds for relief." *Allen v. United States*, Case No. 4:07-cv-00027, 2014 WL 2882495, at *3 (June 25, 2014). The district court "denied, without an evidentiary hearing, all but one of Mr. Allen's asserted grounds for relief" and "granted an evidentiary hearing . . . regarding Mr. Allen's claim trial

counsel were ineffective for failing to adequately investigate and present mitigating evidence at the penalty phase of trial." *Id*. After "[s]ixteen days of testimony," the district court, in a detailed judgment over 150 pages long, concluded that Allen "failed to meet the prejudice prong of the *Strickland* test" and denied Allen's § 2255 petition. *Id*. at *10, *152, *160–61.

Although Allen's amended § 2255 petition had moved to vacate his sentence "on several grounds," the Eighth Circuit Court of Appeals granted a certificate of appealability only on the question of whether Allen was denied effective assistance of counsel when his trial counsel failed to object to the empaneling of an anonymous jury. *Allen v. United States*. 829 F.3d 965, 966 (8th Cir. 2016). The Eighth Circuit concluded that the complained-upon conduct did not constitute ineffective assistance of counsel and affirmed the judgment of the district court denying his petition on that claim. *Id*. at 968.

On July 19, 2013, Allen filed his first 28 U.S.C. § 2241 petition in the United States District Court for the Southern District of Indiana, raising the same Fifth Amendment challenge as he again seeks to raise in his present § 2241 petition. Petition, *Allen v. United States*, 2:13-cv-

00271, Dkt. 1 (Jul. 19, 2013). Allen thereafter filed a motion to withdraw this habeas petition, which the district court granted on November 19, 2013. Entry Granting Motion to Withdraw Petition, *Allen v. United States*, 2:13-cv-00271, Dkt. 19 (Nov. 19, 2013).

On May 4, 2016, Allen filed an application with the Eighth Circuit Court of Appeals seeking leave to file a second or successive habeas petition pursuant to § 2255(h). Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h), *Allen v. United States*, Case No. 16-2094 (8th Cir. May 4, 2016). The Eighth Circuit denied his application for a second or successive habeas petition on July 26, 2016. *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016).[1]

On June 24, 2016, Allen filed his second § 2241 petition in the District Court for the Southern District of Indiana. Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, *Allen v. Charles Daniels*,

[1] Allen ultimately filed his second or successive habeas petition with the District Court for the Eastern District of Missouri on June 24, 2016, prior to the Eighth Circuit issuing its decision on his request for leave to file a second or successive habeas petition. Second Motion for Post-Conviction Relief under 28 U.S.C. § 2255, *Allen v. United States*, Case No. 4:16-cv-00963, Dkt. 1 (Jun. 24, 2016). The district court noted that Allen had not obtained leave to file a second or successive habeas petition and dismissed his petition on July 22, 2016. Memorandum and Order, *Allen v. United States*, Case No. 4:16-cv-00963, Dkt. 2 (Jul. 22, 2016).

Case No. 2:16-cv-00257, Dkt. 1 (Jun. 24, 2016). The district court denied Allen's 2016 § 2241 petition on May 18, 2020, concluding that "[n]o structural problem with § 2255 . . . prevented review of Mr. Allen's claim" and Allen therefore "[could not] show that § 2255 is 'inadequate or ineffective'" for the purpose of the savings clause. Order Denying Petition for a Writ of Habeas Corpus, *Allen v. Daniels*, Case No. 2:16-cv-00257, Dkt. 48 (May 18, 2020). Allen appealed the district court's decision, before ultimately voluntarily dismissing the appeal on May 12, 2021. *Allen v. Watson*, Case No. 20-3361 (7th Cir. May 12, 2021).

Allen filed his most recent § 2241 petition in the United States District Court for the Southern District of Indiana on August 4, 2020. *See* Motion to Return to Refile a Corrected Motion, Pursuant to 28 U.S.C. 2241, *Allen v. Warden*, Case No. 2:20-cv-00406 (Aug. 4, 2020) ("Pet."). Allen's latest § 2241 petition again seeks to collaterally attack his conviction and sentence on constitutional grounds, acknowledging that his arguments "were raised and decided on direct appeal" but nonetheless asserting that his conviction and sentence in the Eastern District of Missouri (ultimately affirmed by an en banc Eighth Circuit Court of Appeals) is "unconstitutional." Pet. at 28, 1. Allen's petition sought to

invoke § 2255(e)'s savings clause to collaterally attack his conviction and sentence on the theory that, "because he had already litigated on direct appeal the issues he now seeks to raise, he could not bring them in a § 2255 motion, thereby rendering § 2255 inadequate or ineffective." Order Dismissing Habeas Corpus Action for Lack of Jurisdiction, *Allen v. Warden*, Case No. 2:20-cv-00406, Dkt. 25 at 4 (Aug. 25, 2023).

The district court concluded that it lacked jurisdiction over Allen's latest § 2241 petition and therefore dismissed the petition. *Id.* at 3–6. As the district court noted, "[w]hen Mr. Allen filed his petition, Seventh Circuit precedent provided that the savings clause allowed inmates to file 28 U.S.C. § 2241 petitions challenging their convictions and sentences in a narrow but undefined range of circumstances." *Id.* at 3. However, "while Mr. Allen's petition was pending[,] the Supreme Court in *Jones v. Hendrix* severely limited the saving clause's application." *Id.* at 4. The district court recognized that the Supreme Court's decision in *Jones* "sets forth a universal rule that § 2255(e)'s 'inadequate or ineffective' language does not open the door for a § 2241 petition based on claims that are otherwise barred by § 2255(h)." *Id.* (citing *Jones v. Hendrix*, 599 U.S. 465, 477 (2023)); *see also Jones*, 599 U.S. at 477 ("In § 2255, Congress

enumerated two—and only two—conditions in which a second or successive motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied."). Because Allen's petition "argue[d] only that he is barred from relitigating his claim in a § 2255 action and should not be"—as distinct from any contention "that his sentencing court has been dissolved or that he is somehow prevented from litigating there"—the district court concluded that "Mr. Allen . . . cannot rely on the savings clause as a path to litigate his § 2241 petition in this Court."[2] Allen thereafter filed a Motion to Alter or Amend Judgment and Consolidated

[2] Allen also raised an alternative argument that his § 2241 Petition was in fact "challeng[ing] the execution, rather than imposition, of his sentence" because, according to Allen, "the death sentence cannot be executed because it was never authorized." Order Dismissing Habeas Corpus Action for Lack of Jurisdiction, *Allen v. Warden*, Case No. 2:20-cv-00406, Dkt. 25 (Aug. 25, 2023). The district court correctly recognized that this argument was just Allen "repackag[ing] his claims" in a manner "premised on Mr. Allen's substantive argument." *Id.* at 5–6. "[S]uch a challenge" to the jurisdiction of the sentencing court "is expressly authorized under § 2255(a)," and must be brought in a § 2255 motion. *Id.* at 6. The district court therefore lacked jurisdiction to hear this alternative framing of Allen's claim in a § 2241 petition for the same reason. *Id.*

Memorandum, arguing that "*Jones* did not divest [the district court] of jurisdiction." Motion to Alter or Amend Judgment and Consolidated Memorandum in Support, Dkt. 26 at 3. The district court denied Allen's motion to alter or amend the judgment on January 23, 2025, observing that "the [Supreme] Court in *Jones* did not limit the saving clause's application to statutory challenges; rather, it created a universal rule that § 2255(e)'s 'inadequate or ineffective' language does not open the door for a § 2241 petition based on claims that are otherwise barred by § 2255(h)." Order Denying Motion to Alter or Amend Judgment and Resolving Other Motions, Dkt. 40 at 7 (citing *Jones*, 599 U.S. at 478). Meanwhile, on December 20, 2024, then-President Biden commuted Allen's sentence of death to a sentence of life without the possibility of parole.

Allen appealed the district court's order dismissing his third § 2241 petition for lack of jurisdiction on February 11, 2025. On August 19, 2026, the Court entered an order "direct[ing] the parties to file memoranda addressing how this appeal should proceed in light of *Agofsky v. Baysore*, 160 F.4th 857 (7th Cir. 2025), and *Robinson v. Lammer*, 162 F.4th 853

(7th Cir. 2025)." Order, *Allen v. United States*, Case No. 25-1216, (7th Cir. Aug. 19, 2026).

## II. This Court lacks jurisdiction over Allen's appeal, and it should therefore either dismiss the appeal or summarily affirm the district court's decision dismissing for lack of jurisdiction.

The Court has directed the parties to file memoranda "addressing how this appeal should proceed." *Id*. Recent decisions from this Court since *Jones* have repeatedly held that courts lacks jurisdiction over postconviction claims which seek to invoke § 2255's savings clause to bring substantive legal claims under § 2241 collaterally attacking the judgment or sentence of another federal court, outside of the narrow "unusual circumstances" of a defect in the *vehicle* of a post-conviction challenge. Lacking jurisdiction to hear the appeals, this Court has concluded in such cases that the only appropriate recourse is summary affirmance of a district court's dismissal of the appeal for lack of subject matter jurisdiction. The Court should do so again here.

As the district court recognized, Allen's latest § 2241 petition seeks to invoke § 2255(e)'s savings clause to relitigate constitutional claims "he had already litigated on direct appeal" before the Eighth Circuit Court of Appeals. Order Dismissing Habeas Corpus Action for Lack of

Jurisdiction, *Allen v. Warden*, Case No. 2:20-cv-00406, Dkt. 25 at 4 (Aug. 25, 2023). Allen himself recognizes this, conceding in his Petition that "the basis on which Allen sought relief wasn't newly discovered evidence nor a new rule of constitutional law" and that the issues he raises in his Petition were already "raised and decided on direct appeal." Pet. at 28; *see also Allen*, 406 F.3d at 943–49. As such, Allen asserts "that the remedy by [§ 2255] motion is inadequate or ineffective" and that he should therefore be permitted to bring a § 2241 petition. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus on behalf of [a federal prisoner] . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

In the time since Allen filed his Petition, however, the Supreme Court has foreclosed Allen's attempt to use the savings clause to make "an end-run around AEDPA." *Jones*, 599 U.S. at 477. In *Jones*, the Court explained that the language of § 2255's savings clause, allowing an application for writ of habeas corpus in instances where remedy by

motion is "inadequate or ineffective," covers only a narrow set of "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court"—instances such as "the sentencing court's dissolution" or a prisoner's "inability to be present at the hearing." *Id.* at 474–75 (internal quotation marks omitted). Section 2255's "savings clause is concerned with the adequacy or effectiveness of the remedial vehicle[,] . . . not any court's asserted errors of law." *Id.* at 480–81 (emphasis omitted). This means that, "[e]ven when '*circuit law* is inadequate or deficient' because a Court of Appeals' precedents have resolved a legal issue incorrectly, that is not a fault in 'the § 2255 remedial vehicle' itself" and the savings clause does not allow for a prisoner to bring a § 2241 petition rechallenging that "legal issue." *Id.* at 481 (quoting *Prost v. Anderson*, 636 F.3d 578, 590 (10th Cir. 2011)) (emphasis in original). In other words, although Allen complains that the fact the en banc Eighth Circuit Court of Appeals disagreed with the merits of his constitutional claims (and the Supreme Court thereafter denied his petition for a writ of certiorari) may foreclose arguments attacking the issue again in his sentencing court, Allen's inability to satisfy the requirements of § 2255 "does not mean that he can bring his

claim in a habeas petition under the savings clause. It means he cannot bring it at all." *Id.*

Following *Jones*, this Court in *Agofsky* recognized that the Supreme Court overruled prior circuit precedence that applied § 2255(e)'s savings clause to previously allow a petitioner to bring a § 2241 petition except in those very narrow circumstances detailed in *Jones*. *Agofsky v. Baysore*, 160 F.4th 857, 859 (7th Cir. 2025). The Court in *Agofsky* further observed that the narrow § 2255(e) savings clause "establishes a limit on the Court's jurisdiction" which "bars the court from 'entertaining' a habeas application as a substitute for a § 2255 motion" absent the "exceedingly narrow carve-out for proper saving-clause cases." *Id.* at 865. Where a § 2241 petition by a federal prisoner does not allege one of *Jones*' narrow categories of "unusual circumstances in which it is impossible or impracticable" for a prisoner to utilize the actual *vehicle* of habeas relief under § 2255 (such as the dissolution of the sentencing court or an inability to transport the prisoner to the sentencing court), this Court lacks jurisdiction to entertain the petition. *Id.*; *Jones*, 599 U.S. at 474. *Agofsky* followed other recent decisions issued by this Court since *Jones* rejecting § 2241 petitions that sought to utilize § 2255's savings clause as

an error-correction mechanism or else failed to establish that the *vehicle* of federal post-conviction relief through § 2255 was somehow "inadequate or ineffective." *See, e.g., Hogsett v. Lillard*, 72 F.4th 819, 821–22 (7th Cir. 2023); *Fields v. Gilley*, 121 F.4th 598, 603–04 (7th Cir. 2024).

And although *Agofsky* dealt with a petition that sought relief following a change in statutory construction (and which therefore didn't fall under § 2255(h)'s second or successive petition exception), this Court in *Robinson* thereafter made clear that *Jones*' analysis of the limitations of § 2255(e) is not narrowly limited to questions of new statutory construction. In *Robinson*, this Court rejected an attempt by a petitioner to bring a § 2241 petition collaterally challenging, among other things, whether "[t]he trial court lacked jurisdiction over the death-eligible offenses because the superseding indictment did not charge Robinson with a capital offense." *Robinson v. Lammer*, 162 F.4th 853, 854 (7th Cir. 2025). Indeed, the petitioner in *Robinson* sought to utilize a § 2241 petition to raise a *nearly identical* claim as Allen sought to raise before the district court—Allen (as did the petitioner in *Robinson*) "wants to present new legal arguments about the adequacy of the indictment which he asserts did not charge a capital offense" and therefore purportedly

deprived the district court of jurisdiction. *Id.* at 855. Rejecting the petitioner's attempt to do so through the vehicle of a § 2241 petition, this Court in *Robinson* squarely held that "*[o]nly* the circumstances in *Jones* permit litigation under § 2241, and [the petitioner] has not argued that he can prevail under its approach." *Id.* at 855 (emphasis added); *see also id.* at 855–56 ("*Jones* tells us that inability to satisfy § 2255(h) does not authorize resort to § 2244, when the sentencing court is open to the prisoner."); *Jones*, 599 U.S. at 481 ("Even when circuit law is inadequate or deficient because a Court of Appeals' precedents have resolved a legal issue incorrectly, that is not a fault in the § 2255 remedial vehicle itself.") (internal quotation marks omitted).

Here, Allen was sentenced in the U.S. District Court for the Eastern District of Missouri. "That court still exists and is open to receive petitions under § 2255[,]" and Allen "has not experienced difficulty seeking relief there." *Robinson*, 162 F.4th at 855. As was the case in *Robinson*, Allen's "problem is not inability to litigate but inability to *prevail*—for he lost on direct appeal." *Id.* (emphasis in original). "[T]he sort of arguments that [Allen] wants to make, and presses in this proceeding under § 2241, are regularly heard and resolved on direct

appeal or an initial round of collateral review under § 2255." *Id*. Several additional recent decisions from this Court rejecting appeals of petitions for writs of habeas corpus under § 2241 and the savings clause of § 2255(e) since *Robinson* have each further reaffirmed that this Court's decision in *Agofsky* "confirms that the limits in § 2255(e) and *Jones* are jurisdictional and that federal courts must respect them at every stage, with no equitable exceptions." *Flenoid v. Kallis*, No. 22-1298, 2025 WL 4961135, at *1 (7th Cir. Dec. 29, 2025); *see also Khoury v. Dunbar*, No. 21-3173, 2026 WL 1894569, at *1 (7th Cir. Feb. 23, 2026) (same); *Reynolds v. United States*, No. 22-2403, 2026 WL 1957854, at *1 (7th Cir. Feb. 23, 2026) (same).

There is no defect in § 2255 as a *vehicle* of postconviction relief in Allen's sentencing court—Allen simply lost his argument on direct appeal and wants to litigate it again. Consequently, § 2255 is not "inadequate or ineffective" under *Jones*, and Allen's application for a writ of habeas corpus "shall not be entertained." 28 U.S.C. § 2255(e). Jurisdictional limits such as this "define and limit the Court's power, so they 'cannot be waived or forfeited, must be raised by courts *sua sponte* and . . . do not allow for equitable exceptions.'" *Agofsky*, 160 F.4th at 865 (quoting

*Boechler, P.C. v. Comm'r*, 596 U.S. 199, 203 (2022)); *see also id.* at 866 ("[Section] 2255(e) addresses the court's adjudicative power, not venue or some other filing requirement that the litigants may waive or forfeit."). As such, the appropriate next step in this appeal is for the Court to either dismiss the appeal or else summarily affirm the judgment of the district court dismissing this case for lack of jurisdiction.

## III. Conclusion

For the foregoing reasons, Respondent-Appellee respectfully submits that this Court should either dismiss this appeal for lack of jurisdiction or else summarily affirm the district court's judgment dismissing the case for lack of jurisdiction.

Date: October 2, 2026

Respectfully submitted,

*/s/ Samuel C. Freedlund*
Samuel C. Freedlund,
#73707MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri, 63102
314-539-7703
Samuel.Freedlund@usdoj.gov

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), the type style requirements of Fed. R. App. P. 32(a)(6), and Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface in 14 point Century Schoolbook font.

*/s/ Samuel C. Freedlund*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Samuel C. Freedlund*